IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRYSTAL CARPENTER,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA KIENEDE, *et al.*,<br><br>Defendants. | Case No. 22-cv-197-DKW-WRP<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**[1] |

On April 27, 2022, Plaintiff Crystal Carpenter, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") and a Complaint purporting to allege claims against three Defendants under 42 U.S.C. § 1983. Dkt. Nos. 1, 2. As the IFP application reflects that Carpenter does not have the ability to pay the filing fee in this case, the Court GRANTS the IFP application. However, because the Complaint does not set forth a short and plain statement of any of the claims Carpenter is endeavoring to bring, this action is DISMISSED with leave to amend.

**DISCUSSION**

**I. IFP Application**

Federal courts may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that

[1] Pursuant to LR 7.1(c), the Court finds these matters suitable for disposition without a hearing.

demonstrates her inability to pay. *See* 28 U.S.C. § 1915(a)(1). While the affiant is not required to demonstrate absolute destitution, *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), she must nonetheless show that she is unable to pay the fees. 28 U.S.C. § 1915(a).

Here, Carpenter has made the required showing. In her IFP application, Carpenter states that she receives $1,150 per month from social security and/or disability, with no other source of income. Dkt. No. 2. She further states that she has no monthly expenses, debts, or dependents, has no money in checking or savings, and owns no automobile, real property, financial instruments, or other assets. *Id.* In light of these representations, Carpenter's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2022 Poverty Guidelines,[2] and she has insufficient assets to provide security. The Court finds that these financial circumstances sufficiently demonstrate Carpenter's inability to pay the costs and fees associated with litigation in federal court and, accordingly, GRANTS the IFP Application.

## II. Screening of the Complaint

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and may order the dismissal of any claims it

[2]*See* HHS Poverty Guidelines (updated Jan. 12, 2022), https://aspe.hhs.gov/poverty-guidelines (last visited May 11, 2022) (stating that the poverty guideline for a single-person household in Hawai'i is $15,630.00, or $1,302.50 per month).

finds to be "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court liberally construes a *pro se* Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court has no obligation to act as counsel for a *pro se* litigant. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Here, Carpenter's Complaint is deficient in at least one respect. First and foremost, Carpenter has not satisfied the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure because she has not adequately stated the legal basis for her claims, and she has not provided any facts in support of the claims. Furthermore, she does not appear to have a Section 1983 right of action against at least two of the three Defendants, and she has not adequately set forth the jurisdictional basis for her claims.

From what the Court can glean from the Complaint, Carpenter is attempting to bring claims for some sort of hate crime and/or sexual assault, although she does not specify the laws on which her claims are based, who committed these acts, or when. Complaint at 4 (stating claims as "victim of hate crime via rappaport dezign hate crime" and "sexual aggravated assault").

She purportedly asserts these claims against three Defendants as state actors in their "official capacit[ies]." *Id.* at 2–4. The three Defendants are Joshua

Kienede, Jack Guillermo Taylor, and Kyle McLaughlin. *Id.* at 2–3. Carpenter describes Kienede as a "resident manager," presumably of Carpenter's apartment complex.[3] *Id.* She describes Taylor as an "instructor" in Honolulu. *Id.* And she describes McLaughlin as a "police officer" located in Tampa, Florida. *Id.*

Carpenter provides virtually no supporting facts for her claims.[4] She states that the events giving rise to her claim occurred "in [her] home" at "12 noon." *Id.* at 5. No date is given. *See id.* Where the complaint form asks for the "facts underlying [the] claim," including "[w]hat happened," "[w]ho did what," and "[w]as anyone else involved," Carpenter writes, "worldwide heard everything." *Id.* She states her injuries as "mental distress and alcoholism," and she requests damages in the amount of $180,000,000.00. *Id.* at 6.

**A. Rule 8**

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Under this Rule, a complaint "must contain sufficient factual matter" to show that there is at least a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Such factual matter is not required to consist of "detailed factual

---

[3]Carpenter's home address is listed as 431 Kuwili St. #319, Honolulu, Hawai'i. Kienede's address is also listed as 431 Kuwili St., Honolulu, Hawai'i, and his phone number is listed with an (808) area code and an extension, as in a business.
[4]Carpenter has utilized the District of Hawai'i's form complaint for use in civil *pro se* proceedings.

allegations," but it must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" and/or "a formulaic recitation of the elements of a cause of action." *Id.*

Here, far from providing the requisite facts sufficient to show that she has a plausible claim to relief, Carpenter has not explained how any of the Defendants are involved in her claims or injuries or how their conduct establishes any of the elements of her causes of action. Thus, she has not satisfied Rule 8. However, because this pleading deficiency may be correctable, the Court will allow Carpenter leave to amend her Complaint, consistent with the following guidance.

Carpenter should thoroughly answer all of the questions contained in the form complaint provided by the Court. More specifically, she must write short, plain sentences telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal rights she believes were violated; (3) the names of the defendants who violated those rights; (4) exactly what each defendant did or failed to do, along with where and when; (5) how the action or inaction of each defendant is connected to the violation of her rights; (6) what specific injury she suffered because of defendant's conduct; and (7) what relief she seeks.

**B. Section 1983**

42 U.S.C. § 1983 provides a private right of action against local or state officials who committed federal civil rights violations while acting in their official

capacities as state actors.[5] Here, although not clear, it appears that two of Carpenter's named Defendants—"resident manager" Kienede and "instructor" Taylor—are private actors, rather than state actors, and are not subject to Section 1983. Furthermore, it is not clear whether the third Defendant McLaughlin, a "police officer" residing in Florida, was acting as a state actor in his official capacity during the events that gave rise to Carpenter's claims. Carpenter should note that if she wishes to sue a *non-state actor* for violation of a federal law, she may do so without making a claim under Section 1983, but she still must explain the basis of her claim, as described above.

**C. Jurisdiction and Venue**

Carpenter must articulate the jurisdictional basis for bringing her action in federal court. There are two potentially applicable bases: federal question and diversity. If Carpenter's claim arises from a violation of the U.S. Constitution or a federal law, she may allege federal question jurisdiction. *See* 28 U.S.C. § 1331.[6] If her claim arises from a violation of a state law, she may allege diversity jurisdiction, as long as no defendant is a citizen of the same state in which she

[5] 42 U.S.C. § 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

[6] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

resides (Hawai'i) and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.[7]

Furthermore, venue must be proper. If all named defendants are residents of the same state, a civil action may be brought in the judicial district in which the defendants reside. 28 U.S.C. § 1391. If the defendants are residents of different states, the action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* Given that Defendant McLaughlin is listed as a Florida resident in the Complaint, it is incumbent upon Carpenter to include facts that show that a substantial part of the events giving rise to her claims occurred in the District of Hawai'i if she is to maintain her action here.

**CONCLUSION**

Carpenter's application to proceed *in forma pauperis*, Dkt. No. 2, is GRANTED. As set forth herein, this action is DISMISSED with leave to amend the Complaint, consistent with the guidance provided above.

Carpenter may have until **June 1, 2022** to file an amended complaint. **The Court cautions Carpenter that failure to file an amended complaint by June 1,**

---

[7]28 U.S.C. § 1332 provides, in relevant part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "*complete* diversity between all plaintiffs and all defendants," meaning no defendant can be a citizen of the same state as the plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)) (emphasis added).

**2022 will result in the automatic dismissal of this action without prejudice and without further notice.**

The Clerk is directed to mail Carpenter a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

DATED: May 12, 2022 at Honolulu, Hawai'i.

UNITED STATES DISTRICT COURT DISTRICT OF HAWAII

Derrick K. Watson
United States District Judge