IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CRYSTAL CARPENTER,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA KIENEDE, *et al.*,<br><br>Defendants. | Case No. 22-cv-00197-DKW-WRP<br><br>**ORDER DISMISSING CASE** |

On April 27, 2022, Plaintiff Crystal Carpenter, proceeding *pro se*, initiated this action by filing a Complaint against three Defendants under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2.

On May 12, 2022, the Court granted Plaintiff's IFP application but dismissed the Complaint with leave to amend because the Complaint failed to set forth a short and plain statement of any claims. Dkt. No. 4. The Court allowed Plaintiff until June 1, 2022 to file an amended complaint and cautioned her that failure to file by the deadline would result in automatic dismissal of the action without prejudice and without further notice. *Id.* at 7-8.

Since May 12, 2022, Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order in any fashion, even though the deadline to do so passed more than one week ago. Thus, as indicated in the May 12, 2022

Order and more fully explained below, the appropriate action to now take is dismissal of this case without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Before doing so, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260–61). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Plaintiff's failure to comply with the May 12, 2022 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Plaintiff's failure to comply with the May 12, 2022 Order hinders this Court's ability to manage its docket. Simply put, this Court cannot manage its

docket if litigants, like Plaintiff, fail to timely follow clear instructions, such as filing an amended complaint. As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant depends, in part, on the plaintiff's reason for failing to prosecute the action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Plaintiff has offered no discernible excuse or explanation for her failure to comply with the May 12, 2022 Order. When a party offers a poor excuse for failing to comply with a court's order (or, in this case, no excuse), the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case. Specifically, Plaintiff was provided with an opportunity to file an amended complaint, given guidance on how to do so, and warned that failure to comply within the time allowed may result in dismissal of the action. Plaintiff has not availed herself of this opportunity. Thus, the only alternative would be to allow the case to proceed with only bare assertions that do not come close to stating a plausible claim. The Court declines to do that. As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered, including warning the plaintiff that failure to comply would result in dismissal).

Finally, the Court's dismissal of this action would run against public policy favoring the disposition of cases on their merits. *See Pagtalunan*, 291 F.3d at 643. However, dismissal here is without prejudice, meaning Plaintiff can re-file, as long as she complies with the guidance provided by the May 12, 2022 Order. Thus, this factor weighs against dismissal, but only marginally.

In summary, with four of the five factors favoring dismissal and the fifth factor weighing only slightly against dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the May 12, 2022 Order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a[n] easily justified sanction for failure to prosecute").

IT IS SO ORDERED.

DATED: June 9, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge